DURIE TANGRI LLP
CLEMENT S. ROBERTS (SBN 209203)
croberts@durietangri.com
JOSEPH C. GRATZ (SBN 240676)
jgratz@durietangri.com
SONALI D. MAITRA (SBN 254896)
smaitra@durietangri.com
217 Leidesdorff Street
San Francisco, CA 94111
Telephone: 415-362-6666
Facsimile: 415-236-6300

WILSON SONSINI GOODRICH & ROSATI
STEFANI E. SHANBERG (SBN 206717)
sshanberg@wsgr.com
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100

Attorneys for Defendant and Counter-Plaintiff
RINGCENTRAL, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLOBAL COMMUNICATIONS, INC. and ADVANCED MESSAGING TECHNOLOGIES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> RINGCENTRAL, INC., <br><br> Defendant. | Case No. 2:11-cv-04686-DDP -AJW <br><br> **ANSWER TO COUNTERCLAIMS** <br><br> Ctrm: 3, 2nd Floor <br> Judge: Honorable Dean D. Pregerson |
| RINGCENTRAL, INC., <br><br> Counter-Plaintiff <br><br> v. <br><br> GLOBAL COMMUNICATIONS, INC. and ADVANCED MESSAGING TECHNOLOGIES, INC., <br><br> Counter-Defendants. | |

Defendant and Counter-Plaintiff RingCentral, Inc. ("RingCentral"), a California corporation, by and through its attorneys, answers the Counterclaims of Global Communications, Inc. and Advanced Messaging Technologies, Inc. (collectively "Plaintiffs") as follows:

1. Admitted.
2. Admitted.
3. Admitted.

## JURISDICTION AND VENUE

4. RingCentral admits that this Court has jurisdiction over this action.
5. RingCentral admits that venue is proper within this district.

## FIRST COUNTERCLAIM
### [Declaration of Judgment of Noninfringement]

6. This paragraph contains no assertion to which a response is required.
7. RingCentral admits that there is an actual case or controversy between Plaintiffs and RingCentral concerning the U.S. Patent No. 7,702,669 ("'669") Patent.
8. Denied.
9. This paragraph contains no assertion to which a response is required.

## SECOND COUNTERCLAIM
### [Declaration of Judgment of Invalidity and Unenforceability]

10. This paragraph contains no assertion to which a response is required.
11. RingCentral admits that there is an actual case or controversy between Plaintiffs and RingCentral concerning the '669 Patent.
12. Denied.
13. This paragraph contains no assertion to which a response is required.

## REQUEST FOR RELIEF

Wherefore, RingCentral requests the following relief:

(a) A judgment that Plaintiffs have infringed and are infringing the '669 Patent and a denial of Plaintiffs' request for a declaration of noninfringement;

(b)     Enter a judgment that the '669 Patent is valid and enforceable and a denial of Plaintiffs' request for a declaration of invalidity and/or unenforceability;

(c)     A permanent injunction against j2's continued infringement of the '669 patent;

(d)     An award of damages for infringement of the '669 patent in an amount of not less than a reasonable royalty;

(e)     Actual and/or statutory damages in an amount to be determined at trial;

(f)     Recover j2's profits;

(g)     Prejudgment and post-judgment interest on damages;

(h)     An award of costs;

(i)     An order, pursuant to 35 U.S.C. § 284, finding that this is an "exceptional case" and awarding RingCentral its reasonable attorneys' fees, expenses, and costs incurred in this action;

(j)     Such other further relief as the Court deems just and proper.

## JURY TRIAL DEMANDED

Pursuant to Fed. R. Civ. P. 38(b), RingCentral demands a trial by jury of this action.

Dated: December 12, 2011                         DURIE TANGRI LLP

                                                 /s/ Clement S. Roberts
                                            By: _____
                                                 CLEMENT S. ROBERTS

                                                 Attorneys for Defendant and Counter-Plaintiff
                                                 RINGCENTRAL. INC.

# CERTIFICATE OF SERVICE

I certify that all counsel of record is being served on December 12, 2011 with a copy of this document via the Court's CM/ECF system.

/s/ *Clement S. Roberts*
Clement S. Roberts