Robert A. Sacks (SBN 150146)
sacksr@sullcrom.com
Brian R. England (SBN 211335)
englandb@sullcrom.com
Edward E. Johnson (SBN 241065)
johnsonee@sullcrom.com
SULLIVAN & CROMWELL LLP
1888 Century Park East
Los Angeles, California 90067-1725
Telephone: (310) 712-6600
Facsimile: (310) 712-8800

*Attorneys for Plaintiffs j2 Global, Inc. and Advanced Messaging Technologies*

Clement S. Roberts (SBN 209203)
croberts@durietangri.com
Joseph C. Gratz (SBN 240676)
jgratz@durietangri.com
Sonali D. Maitra (SBN 254896)
smaitra@durietangri.com
DURIE TANGRI LLP
217 Leidesdorff Street
San Francisco, CA 94111
Telephone: (415) 362-6666
Facsimile: (415) 236-6300

*Attorneys for Defendant RingCentral, Inc.*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

J2 GLOBAL COMMUNICATIONS, INC., and ADVANCED MESSAGING TECHNOLOGIES, INC.

Plaintiffs,

v.

RINGCENTRAL, INC.,

Defendant.

AND RELATED CROSS-ACTION

Case No. 11-4686-DDP (AJWx)

**JOINT RULE 26(f) REPORT FOR SCHEDULING CONFERENCE**

Judge: Hon. Dean D. Pregerson

Date: March 19, 2012
Time: 3:30 p.m.
Ctrm: 3

Plaintiffs and Counterclaim Defendants j2 Global, Inc. and Advanced Messaging Technologies, Inc. (collectively, "j2") and Defendant and Counterclaimant RingCentral, Inc. ("RingCentral"), submit the following Joint Report pursuant to the Court's January 6, 2012 Order (dkt. 36), Fed. R. Civ. P. 26(f) and C.D. Cal. Local Rule 26-1.

## I. Case Synopsis

j2 filed this action in the United States District Court for the Central District of California on June 1, 2011 and filed the First Amended Complaint August 5, 2011. j2 alleges infringement of U.S. Patent Numbers 6,350,066 (the "'066 Patent"), 6,208,638 (the "'638 Patent"), and 7,020,132 (the "'132 Patent") and seeks damages, injunctive relief, and attorneys' fees.

On October 24, 2011, RingCentral filed an Answer denying the material allegations in j2's First Amended Complaint and asserting affirmative defenses. RingCentral also asserted counterclaims (i) seeking declaratory judgments of non-infringement and invalidity as to the '066, '638 and '132 Patents; (ii) alleging infringement of U.S. Patent Number 7,702,699 (the "'699 Patent"); and (iii) alleging unfair competition under California Business and Professions Code §§ 17200, *et seq.*, based upon alleged violations of FCC regulations related to porting telephone numbers.

On November 17, 2011, j2 denied the material allegations set forth in RingCentral's counterclaims and asserted affirmative defenses. j2 also asserted counterclaims for declaratory judgments of non-infringement, unenforceability and invalidity of the '699 Patent. On December 12, 2011, RingCentral denied the material allegations set forth in j2's counterclaims.

## II. Changes in Timing, Form or Requirements for Initial Disclosures. [Rule 26(f)(3)(A)]

The parties contemplate exchanging initial disclosures regarding j2's patent infringement claims and RingCentral's declaratory relief claims within the

deadline set by Fed. R. Civ. P. 26(a)(1). In light of the stipulations described in Part VII, *infra*, the parties contemplate deferring initial disclosures regarding RingCentral's patent infringement claim and unfair competition claim pending the stays of those claims.

## III. Subjects on Which Discovery May Be Needed, When Discovery Should Be Completed, and Whether Discovery Should Be Conducted in Phases or Be Limited To or Focused on Particular Issues. [Rule 26(f)(3)(B)]

### A. Subjects on Which Discovery May Be Needed and Whether Discovery Should Be Limited To or Focused On Particular Issues.

The parties are presently unsure of all of the subjects on which discovery may be needed. The parties expect to require discovery on issues of unfair competition, patent infringement, willful patent infringement, patent validity and enforceability, and patent damages, including, but not limited to, technical information and documentation on which parties may rely to support or rebut infringement contentions; information and documentation on which parties may rely to support or rebut willfulness contentions; prior art and other documents on which parties may rely to support or rebut invalidity contentions; financial and marketing information on which parties may rely to support or rebut damages contentions; and documents related to the porting of telephone numbers.

### B. When Discovery Should Be Completed and Whether Discovery Should Be Conducted in Phases.

The parties contemplate separate deadlines for completing fact discovery and expert discovery.

The parties' proposed schedule is as follows:

| | |
|---|---|
| *Markman* Hearing | January 14, 2013 |
| Fact Discovery Cutoff | May 24, 2013 |
| Rule 26 expert disclosures due on issues which parties have burden of proof | June 14, 2013 |

| | |
|---|---|
| Rule 26 disclosures for rebuttal experts | July 26, 2013 |
| Expert Discovery Cutoff | Aug 23, 2013 |
| Deadline for filing summary judgment motions | Sept 20, 2013 |
| Oppositions to summary judgment due | Oct 11, 2013 |
| Replies for summary judgment due | Oct 25, 2013 |
| Summary judgment hearing | Nov 22, 2013 |
| Final Pretrial Conference | Jan 13, 2014 |
| Trial Begins | On or after Jan 21, 2014 |

In addition to the foregoing deadlines, the parties have agreed that an expedited process for exchanging discovery and contentions related to infringement may assist in preparing this case for early mediation and potentially settlement. Accordingly, the parties have agreed that RingCentral will promptly provide its source code and other core technical documents relating to the current version and one earlier version of each accused product for inspection by j2's counsel and technical expert, to be followed, if appropriate, by a 30(b)(6) deposition of a RingCentral witness knowledgeable about the source code and the core technical documents. The earlier version of the RingCentral source code will be of a "major release" that predates the original complaint in this action. Within 150 days of RingCentral providing this documentation for inspection, subject to the completeness of the source code and documentation being provided and the reasonable availability of the RingCentral witness(es), j2 shall provide detailed, source code-level infringement contentions for each of the asserted claims. In particular, these contentions will, separately for each version of the code produced

by RingCentral, point to the specific lines in the source code that j2 contends meet each element of each asserted claim and provide an explanation of how and why those lines satisfy those limitations. j2 may use the RingCentral documentation in its infringement contentions, but must provide the source-code level information as well.

**IV. Any Issues About Disclosure or Discovery of Electronically Stored Information, Including the Form or Forms in Which It Should Be Produced. [Rule 26(f)(3)(C)]**

To the extent disclosure of electronically stored information is necessary, the parties intend to cooperate to ensure that any such disclosure is in a form easily usable by the receiving party. The parties expressly agree that producing documents in a native format will be considered acceptable.

The parties further agree that electronic discovery relating to the patent case will be limited in accordance with the Federal Circuit's recent Model Order for patent cases (available at http://www.patentlyo.com/files/ediscovery-model-order.pdf), except that the Model Order will be modified to limit requests for email production to seven custodians, instead of five, and ten keywords per custodian, instead of five. The parties agree that, given the early stage of this case, further modifications of the Model Order may be warranted, and this agreement is without prejudice to either side seeking to modify the Model Order as discovery progresses.

**V. Any Issues About Claims of Privilege or of Protection as Trial-Preparation Materials. [Rule 26(f)(3)(D)]**

The parties agree that a protective order will be necessary to protect proprietary, trade secret, or other confidential information and documentation that will be produced by the parties and possibly third parties or otherwise disclosed in proceedings before the Court. The parties will cooperate in an effort to promptly provide a stipulated proposed protective order for the consideration of the Magistrate Judge.

**VI. What Changes Should Be Made in the Discovery Limits and What Other Limitations Should Be Imposed. [Rule 26(f)(3)(E)]**

The parties agree that at this time it is not necessary to alter the presumptive limit on the number of interrogatories and depositions contemplated by the Federal Rules of Civil Procedure. However, the parties recognize that this position may change as new facts are discovered.

**VII. Any Other Orders the Court Should Issue Under Rule 26(c) or Under Rule 16(b) or (c). [Rule 26(f)(3)(F)]**

On December 8, 2011, j2 filed an *inter partes* request for reexamination of the ’699 Patent with the United States Patent and Trademark Office (“USPTO”). On January 25, 2012, the USPTO granted reexamination of the ’699 Patent. The parties intend to promptly file a stipulation and proposed order that would stay RingCentral’s counterclaim alleging infringement of the ’699 Patent pending resolution of the reexamination.

In addition, the parties intend to file a stipulation and proposed order that would refer to the Federal Communications Commission (“FCC”) for expedited determination certain legal and/or factual questions related to RingCentral’s unfair competition claim. The stipulation will further seek a stay of the unfair competition claim pending a ruling by the FCC.

The parties further intend to file a stipulation and proposed order adopting certain claim constructions issued by this Court and/or to which j2 has stipulated in previous cases. It is understood and agreed between the parties that the expedited discovery described above in Section II will occur after this stipulation is submitted.

The parties do not request any additional orders from the Court at this time.

**VIII. Whether The Case Is Complex. [L.R. 26-1(a)]**

The parties agree that the procedures in the Manual for Complex Litigation are neither appropriate nor necessary for this matter.

## IX. The Dispositive or Partially Dispositive Motions That Are Likely To Be Made, and a Cutoff Date by Which All Such Motions Shall Be Made. [L.R. 26-1(b)]

The parties presently are unsure as to what other dispositive or partially dispositive motions, if any, they will make, but anticipate that one or both parties will seek summary judgment or partial summary judgment after the close of discovery. The parties' proposed schedule for such motions is part of the schedule in Part III, *supra*.

## X. The Likelihood of Settlement, Whether Settlement Discussions Have Taken Place or Are Scheduled, and Which Mandatory Settlement Procedure Should Be Utilized Under L.R. 16-14. [L.R. 26-1(c)]

The parties are not currently engaged in settlement discussions. The parties have agreed to Settlement Procedure No. 3 set forth in Local Rule 16-15.4. The parties presently contemplate beginning the private mediation process promptly after exchanging expedited discovery and contentions regarding infringement, as discussed in Part III, *supra*.

## XI. Preliminary Estimate of Time Required for Trial. [L.R. 26-1(d)]

The parties preliminarily estimate that the trial will take one to two weeks.

## XII. Likelihood of Appearance of Additional Parties. [L.R. 26-1(e)]

The parties do not presently contemplate adding any other parties to this action. However, as discovery may reveal other entities involved in the activities forming the basis of the patent infringements alleged, the parties reserve this question until after discovery is completed.

/ / /

/ / /

**XIII. The Proposed Timing of Expert Disclosures. [L.R. 26-1(f)]**

The parties' proposals for the timing of expert disclosures are set forth as part of the schedule in Part III, *supra*.

Dated: March 12, 2012

Respectfully submitted,

/s/ Robert A. Sacks
Robert A. Sacks (SBN 150146)
Brian R. England (SBN 211335)
Edward E. Johnson (SBN 241065)
SULLIVAN & CROMWELL LLP
1888 Century Park East
Los Angeles, California 90067-1725
(310) 712-6600 / (310) 712-8800 facsimile

Frank L. Bernstein (SBN 189504)
KENYON & KENYON LLP
1801 Page Mill Road, Suite 210
Palo Alto, California 94304-1216
(650) 384-4688 / (650) 384-4701 facsimile

*Attorneys for Plaintiffs j2 Global, Inc. and Advanced Messaging Technologies, Inc.*

Dated: March 12, 2012

Respectfully submitted,

/s/ Clement S. Roberts
Clement S. Roberts (SBN 209203)
Joseph C. Gratz (SBN 240676)
Sonali D. Maitra (SBN 254896)
DURIE TANGRI LLP
217 Leidesdorff Street
San Francisco, CA 94111
(415) 362-6666
(415) 236-6300 facsimile

Stefani E. Shanberg (SBN 206717)
WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, CA 94304
(650) 493-9300 / (650) 565-5100 facsimile

*Attorneys for Defendant RingCentral, Inc.*