1  Robert A. Sacks (SBN 150146)
   sacksr@sullcrom.com
2  Brian R. England (SBN 211335)
   englandb@sullcrom.com
3  Edward E. Johnson (SBN 241065)
   johnsonee@sullcrom.com
4  SULLIVAN & CROMWELL LLP
   1888 Century Park East
5  Los Angeles, California 90067-1725
   Telephone: (310) 712-6600
6  Facsimile: (310) 712-8800

7  *Attorneys for Plaintiffs j2 Global, Inc.
   and Advanced Messaging Technologies*

8  Clement S. Roberts (SBN 209203)
   croberts@durietangri.com
9  Joseph C. Gratz (SBN 240676)
   jgratz@durietangri.com
10 Sonali D. Maitra (SBN 254896)
   smaitra@durietangri.com
11 DURIE TANGRI LLP
   217 Leidesdorff Street
12 San Francisco, CA 94111
   Telephone: (415) 362-6666
13 Facsimile: (415) 236-6300

14 *Attorneys for Defendant RingCentral, Inc.*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| J2 GLOBAL COMMUNICATIONS, INC., and ADVANCED MESSAGING TECHNOLOGIES, INC. <br><br> Plaintiffs, <br><br> v. <br><br> RINGCENTRAL, INC., <br><br> Defendant. <br><br>_____ <br><br> AND RELATED CROSS-ACTION | Case No. 11-4686-DDP (AJWx) <br><br> **JOINT STIPULATION TO STAY COUNTS I AND II OF DEFENDANT RINGCENTRAL'S COUNTERCLAIMS AND REFER QUESTIONS TO THE FEDERAL COMMUNICATIONS COMMISSION** |

1  Plaintiffs and Counterclaim Defendants j2 Global, Inc. and Advanced
2  Messaging Technologies, Inc. (collectively, "j2") and Defendant and
3  Counterclaimant RingCentral, Inc. ("RingCentral"), respectfully submit the
4  following stipulation:
5  WHEREAS, on October 24, 2011, RingCentral asserted counterclaims
6  against j2;
7  WHEREAS, Count I of RingCentral's Counterclaims alleges
8  infringement of U.S. Patent Number 7,702,699 (the "'699 Patent");
9  WHEREAS, on December 8, 2011, j2 filed an *inter partes* request for
10 reexamination of the '699 Patent with the United States Patent and Trademark
11 Office ("USPTO");
12 WHEREAS, On January 25, 2012, the USPTO granted reexamination
13 of the '699 Patent;
14 WHEREAS, Count II of RingCentral's Counterclaims alleges unfair
15 competition under California Business and Professions Code §§ 17200, *et seq.*,
16 (the "Unfair Competition Claim");
17 WHEREAS, RingCentral's Unfair Competition Claim is based upon
18 alleged violations of the Federal Communications Commission's ("FCC")
19 regulations related to porting telephone numbers; and
20 WHEREAS, the parties agree that certain questions related to
21 RingCentral's Unfair Competition Claim may be best determined by the FCC, and
22 that such a determination will further settlement discussions and facilitate
23 adjudication of RingCentral's Unfair Competition Claim.
24 NOW, THEREFORE, THE PARTIES HEREBY AGREE AND
25 STIPULATE THAT:
26 1) RingCentral's claim for infringement of the '669 Patent will be
27 stayed pending the currently pending *inter-partes* reexamination of the '669 Patent
28 by the USPTO;

2) The Court should, and by signing the accompanying Proposed Order does, refer the following questions to the FCC with a request that the FCC's Enforcement Bureau accept those questions for resolution using its Accelerated Docket procedures:

    a. Whether j2 is or has been either a telecommunications carrier and/or a provider of interconnected VoIP such that it is or was subject to the FCC porting rules.

    b. Whether j2 has violated or is violating the FCC porting rules.

3) RingCentral will file a Section 208 Complaint with the FCC Enforcement Bureau; and request that the Enforcement Bureau consider the complaint and the above referenced questions on its Accelerated Docket. j2 agrees that nothing in this Stipulation shall serve to preclude RingCentral from raising, in its Complaint, questions and issues beyond those set forth above provided they are within the FCC's competence and expertise; nor does j2 waive the right to contest with the FCC whether the FCC should consider such questions;

4) j2 will not dispute the jurisdiction of the FCC or the Enforcement Bureau to consider RingCentral's complaint on the merits;

5) j2 will consent to processing of RingCentral's complaint on the Accelerated Docket;

6) j2 will participate in any pre-complaint discussions, if required by the FCC Enforcement Bureau;

7) If the FCC Enforcement Bureau agrees to accept RingCentral's above referenced Section 208 Complaint, and if that action proceeds with reasonable expedition, RingCentral's Unfair Competition Claim will be stayed pending resolution of that proceeding. If however, the FCC process is rejected from the Accelerated Docket or is not resolved by January 2013 (five months prior to the close of discovery), RingCentral shall have the right to request a lifting of

1  the stay so that the referred questions can be timely resolved by this Court without
2  impacting the case schedule; and
3          8)    The parties shall provide a status report to the Court promptly
4  upon action by the PTO resolving the reexamination of the '669 Patent or action by
5  the FCC; (a) rejecting this matter for consideration under the Accelerated Docket;
6  (b) declining jurisdiction entirely and/or (c) determining the answers to the
7  questions set forth above.

Dated: March 12, 2012        Respectfully submitted,

/s/ Robert A. Sacks
Robert A. Sacks (SBN 150146)
Brian R. England (SBN 211335)
Edward E. Johnson (SBN 241065)
SULLIVAN & CROMWELL LLP
1888 Century Park East
Los Angeles, California 90067-1725
(310) 712-6600 / (310) 712-8800 facsimile

Frank L. Bernstein (SBN 189504)
KENYON & KENYON LLP
1801 Page Mill Road, Suite 210
Palo Alto, California 94304-1216
(650) 384-4688 / (650) 384-4701 facsimile

*Attorneys for Plaintiffs j2 Global, Inc. and Advanced Messaging Technologies, Inc.*

Dated: March 12, 2012        Respectfully submitted,

/s/ Clement S. Roberts
Clement S. Roberts (SBN 209203)
Joseph C. Gratz (SBN 240676)
Sonali D. Maitra (SBN 254896)
DURIE TANGRI LLP
217 Leidesdorff Street
San Francisco, CA 94111
(415) 362-6666 / (415) 236-6300 facsimile

Stefani E. Shanberg (SBN 206717)
WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, CA 94304
(650) 493-9300 / (650) 565-5100 facsimile

*Attorneys for Defendant RingCentral, Inc.*