Robert A. Sacks (SBN 150146)
sacksr@sullcrom.com
Brian R. England (SBN 211335)
englandb@sullcrom.com
Edward E. Johnson (SBN 241065)
johnsonee@sullcrom.com
SULLIVAN & CROMWELL LLP
1888 Century Park East
Los Angeles, California 90067-1725
Telephone: (310) 712-6600
Facsimile: (310) 712-8800

*Attorneys for Plaintiffs j2 Global, Inc.
and Advanced Messaging Technologies, Inc.*

Clement S. Roberts (SBN 209203)
crobertson@durietangri.com
Joseph C. Gratz (SBN 240676)
jgratz@durietangri.com
Sonali D. Maitra (SBN 254896)
smaitra@durietangri.com
DURIE TANGRI LLP
217 Leidesdorff Street
San Francisco, CA 94111
Telephone: (415) 362-6666
Facsimile:  (415) 236-6300

*Attorneys for Defendant RingCentral, Inc.*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| J2 GLOBAL COMMUNICATIONS, INC., and ADVANCED MESSAGING TECHNOLOGIES, INC.<br><br>Plaintiffs,<br><br>v.<br><br>RINGCENTRAL, INC.,<br><br>Defendant.<br>_____<br><br>AND RELATED CROSS-ACTION<br>_____ | Case No. 11-4686-DDP (AJWx)<br><br>**STIPULATED<br>PROTECTIVE ORDER** |

The parties to this action stipulate to, and seek entry of, the following Protective Order:

1. "Confidential" information is information that, in good faith, a party believes to contain (a) proprietary or commercially sensitive information which is not publicly known and which its owner would not reveal to others except in confidence; (b) personal information; or (c) information that should otherwise be subject to confidential treatment under the Federal Rules of Civil Procedure. If a person producing information under this Order (the "Producing Person") designates information as "Confidential," the designated information shall be treated as Confidential unless successfully challenged under ¶ 11. When producing documents, the Producing Person shall, where practical, mark each page containing Confidential information as "Confidential." Thus, for example, documents produced in native format may be marked as Confidential by placing such a designation in the title of the document.

2. "Restricted Confidential" information shall be limited to information that, in good faith, a party believes to contain (a) current and past (to the extent they reflect on current) business planning and financial information; (b) trade secrets; (c) past or current company personnel or employee information; (d) source code; and (e) information concerning a party's sales or the design, structure or workings of a party's products or systems which could, if it became known to other parties, harm the competitive position of its owner. If a Producing Person designates information as Restricted Confidential under this Order, the designated information shall be treated as Restricted Confidential unless successfully challenged under ¶ 11. When producing documents, the Producing Person shall mark each page containing Restricted Confidential information as "Restricted Confidential."

3. Any Producing Person, whether or not a party to this action, may designate information as Confidential or Restricted Confidential under this Order.

4. When a document is designated as Confidential or Restricted Confidential, the designation includes not only the document so designated, but also any information derived from that document, and any copies, excerpts, summaries, or compilations thereof.

5. A person or entity receiving information under this Order (the "Receiving Person") shall use Confidential or Restricted Confidential information (together, "Protected Information") only to conduct this litigation and related proceedings before the FCC and for no other purpose..

6. By receiving information under this Order, all Receiving Persons agree to be subject to the jurisdiction of this Court concerning their use of Protected Information. All receiving persons other than attorneys, their staff, and independent companies engaged by outside litigation counsel to perform litigation support service, shall sign an acknowledgment in the form attached hereto as Exhibit A, indicating that they have read and understood the terms of this Order and agree to submit to the jurisdiction of the Central District of California for enforcement of this Order. Counsel for each party shall maintain all original acknowledgments, and will produce the same to the opposing party when so ordered by the Court.

7. A Receiving Person may disclose Restricted Confidential information only to the following:

   a. outside litigation counsel retained by a party in this action or a related matter before the FCC., including attorneys, their staff, and independent companies engaged by outside litigation counsel to perform litigation support services (such as document and graphics vendors);

   b. independent experts or consultants retained by outside litigation counsel,

   c. Participants in juror focus groups, provided they sign a confidentiality agreement not to use or disclose any such material and that they are not

1   allowed to retain any notes or other written materials relating to the
2   Restricted Confidential Materials;
3   d. any person giving testimony in this action at deposition, trial or
4   hearing witnesses, but only if the person giving testimony is the creator,
5   author or recipient of the Restricted Confidential information, provided
6   that such persons may not retain any documents containing Restricted
7   Confidential information provided to them at such deposition, trial or
8   hearing;
9   e. the Court, its personnel and any court reporters and videographers
10  involved in taking or transcribing testimony in this action; and
11  f.  any other person by written agreement of the parties or by order of the
12  Court.
13  Any person who receives Restricted Confidential information is prohibited from
14  prosecuting, preparing, or having any substantive involvement with any patent
15  application on behalf of any party to this action relating to e-mail to fax or fax to e-
16  mail services, products, systems, or methods for three years after the completion of
17  this lawsuit.  For the purpose of clarity, this provision shall NOT prevent
18  participation in any post grant proceedings before the Patent and Trademark Office.
19       8.   A Receiving Person may disclose Confidential information only to the
20  following:
21  a. persons listed in ¶ 7; and
22  b. any person giving testimony in this action at deposition, trial or
23  hearing witnesses, but only for purposes of reasonable, material, and
24  relevant testimony or preparation of such testimony in the litigation,
25  provided that such persons may not retain any documents containing
26  Protected Information; and
27  c. employees of the Receiving Person to whom disclosure is reasonably
28  necessary for the management, supervision, or oversight of the litigation.

9. Before a Receiving Person can share Protected Information received from another party in the litigation with an independent expert or consultant under ¶ 7.b, the Receiving Person shall provide the Producing Person written notice of its intention, which shall include the proposed expert's curriculum vitae, a list of cases in which the expert or consultant has submitted a report or given testimony in the last five years, as well as a list of any previous or current relationship with any party to this action. If the Producing Person objects to the disclosure, it must send a written objection, including a detailed explanation of its objection, that is received within ten business days after the Producing Person's receipt of the written notice. Absent a timely written objection, the Receiving Person may share Protected Information with the independent expert. If the Producing Person makes a timely written objection, the Receiving Person shall not share Protected Information with the independent expert until the objection is resolved by agreement or by the Court. If the parties cannot resolve this dispute, they may proceed under the Local Rules addressing discovery disputes, with the Producing Person bearing the burden of filing a motion and establishing good cause to support its objection. A producing party shall not seek discovery with respect to a consultant or other non-testifying expert of a party who has received Protected Information, absent a Court order pursuant to a motion made by the producing party. Draft expert reports, expert notes and all communications between litigation counsel and experts shall not be discoverable in this action.

10. If not so designated in the transcript, deposition testimony shall be deemed Restricted Confidential until thirty days following the reporter's distribution of the final transcript. During those thirty days, a Producing Person may designate portions of the transcript under ¶ 1 or ¶ 2 by sending written designations to all parties to this action.

11. If a Receiving Person disagrees with a designation of information under ¶ 1 or ¶ 2, it shall provide the Producing Person written notice of its

1  challenge.  If the parties cannot resolve this dispute, they may proceed under the
2  Local Rules addressing discovery disputes, with the Receiving Person bearing the
3  burden of filing a motion and showing that the information is Not Confidential or
4  Restricted Confidential.   Failure to challenge a designation immediately does not
5  waive a Receiving Person's ability to bring a later challenge.

6        12.   Source code designated "Restricted Confidential" and produced in
7  electronic form shall be maintained in the sole custody and control of the Producing
8  Person and shall be maintained, respectively, at the San Francisco office of lead
9  outside counsel for RingCentral (with respect to source code produced by
10 RingCentral) and at the Palo Alto office of lead outside counsel for j2 and AMT
11 (with respect to source code produced by j2 and/or AMT).  The Parties may vary
12 the location by mutual agreement.  The source code shall be made accessible to
13 outside counsel for the Receiving Person and their independent experts or
14 consultants who are actively assisting in the litigation during normal business hours
15 upon five (5) days advance notice of the review.

16     (a)   The Producing Person shall make its source code available in
17 electronic form—if it exists in such form -on a stand-alone, i.e., non-
18 networked, standard personal computer with Microsoft Windows, Linux or
19 some other standard operating system installed in accordance with its
20 standard installation processes.  In the event that the source code to be
21 produced does not exist in electronic form, the Producing Person shall so
22 certify in writing and will meet and confer in good faith to make
23 arrangements for the mutually-convenient review of such code;

24     (b)   The Producing Person shall provide a dedicated, stand-alone
25 printer connected to the computer used for source code review, and it shall be
26 loaded with paper bearing pre-printed production control numbering.  The
27 Receiving Person's outside counsel and/or independent experts or consultants
28 may print excerpts of the source code that they in good faith consider to be

relevant to the claim or defense of any party and only to the extent necessary to perform his or her responsibilities in connection with the action and no more than a maximum of 50 consecutive pages and 500 pages total.  If the Receiving Person believes that more than 50 consecutive pages, and/or more than 500 pages of printouts is necessary, the Receiving Person may request permission to print out a specified larger number of pages.  In requesting permission, the Receiving Person shall provide a written explanation.  As an example, a particular source code file may be more than 50 pages long, and a printout of the entire source code file may be necessary.  The Producing Person shall consider the Receiving Person's request in good faith, and shall not unreasonably withhold permission.  The originals of any printouts shall be provided to counsel for the Producing Person on that same day.  The Producing Person's counsel shall deliver copies of the printouts to the Receiving Person's outside counsel within two (2) business days.  The printouts of source code excerpts are to be maintained at all times in a secure location at the offices of outside counsel for the Receiving Person and may be reviewed by experts, consultants, and outside counsel only at outside counsel's offices.  The printouts or any of the information contained in the hard copies shall not be converted into an electronic format or further copied, without the express consent of the Producing Person, which consent shall not be unreasonably withheld.

   (c) The Receiving Person's outside counsel and/or independent experts or consultants shall be permitted to save, to a file on the hard drive of the stand-alone computer used for source code review, excerpts of the Producing Person's source code, and results of searches through the source code, for storage or future potential printing.  Such file(s) shall be preserved by the Producing Person until the conclusion of the Action.

   (d) Upon request by the Receiving Person, the Producing Person shall work in good faith with the Receiving Person to provide software and/or tools used by the Producing Person and their independent experts or consultants who are actively assisting in the litigation to work with the source code, to the extent lawful and feasible.  In the event that the Receiving Person's outside counsel and/or independent experts or consultants requests that any source code analytical software be installed on the computer to be used for source code review, the Receiving Person's outside counsel shall notify the Producing Person's counsel and provide a copy of the source code analytical software to be installed.  The Producing Person shall install such source code analytical software within three (3) business days of the Receiving Person's request.  Insofar as there is a charge or cost for a license to the software and/or tool requested by the Receiving Person, the Receiving Person shall be solely responsible for that cost and for obtaining and providing a copy to the Producing Person.

   (e) All source code shall be produced for review in its native format.  If the source code does not exist in searchable form, the Producing Person shall provide a written explanation and will meet and confer in good faith to reach a reasonable accommodation for the efficient review of such code.;

   (f) No source code produced pursuant to this Paragraph 12 shall be redacted, password protected, deleted, modified or otherwise concealed or withheld from review by the Receiving Person's outside counsel and/or independent experts or consultants.  Receiving Person's outside counsel is likewise prohibited from modifying, annotating, altering or otherwise changing any of the source code produced pursuant to this Paragraph 12.

13. If a Producing Person inadvertently fails to designate material as Protected Information at the time of production, or inadvertently fails to designate

1  Restricted Confidential material as such, it shall notify all Receiving Persons of its
2  failure as soon as possible after discovery.  The Producing Person shall promptly
3  supply all Receiving Persons with new copies of any documents bearing corrected
4  confidentiality designations.  When such a designation is made, the Receiving
5  Person shall promptly take all necessary steps to ensure that the document or
6  information is treated according to its new designation from the date of the notice
7  forward.

14.  Any discovery documents produced in this litigation may be later designated as "Attorney Client Privileged" or "Attorney Work Product" promptly upon discovery by the Producing Person that any such privileged or immune document was produced through inadvertence, mistake, or other error, and no waiver of privilege or immunity shall be deemed to have occurred.  Upon such designation, the Receiving Person promptly shall make best efforts to collect all copies of the documents and will return all copies it can locate to the Producing Person without regard to any claim of waiver or any other excuse.  The Receiving Person will also promptly destroy any summaries, work-product or notes on or reflecting the Privileged or Work Product information.  Within five days of requesting the return of Privileged or Work-Product Material, the Producing Person will provide a privilege log for the recalled materials.  Any challenge to the assertion of privilege or work product over the recalled materials must be made on the basis of this log and may not be made using copies of the recalled materials (which must be returned pursuant to the provisions of this section).

15.  In the event that any Protected Information is used in any proceeding in connection with this litigation, it shall not lose its Confidential or Restricted Confidential status through such use, and the parties shall take all steps reasonably required to protect its confidentiality during such use.

16.  To the extent that any Confidential or Restricted Confidential information subject to this Protective Order (or any pleading, motion, or

memorandum referring to them) is proposed to be filed or is filed with the Court, those materials and papers, or any portion thereof which discloses Confidential or Restricted Confidential information, shall be presented to the judge (by the filing party) accompanied by an application to file under seal in accordance with the procedures set forth in Local Rule 79-5.1 and shall be marked "CONFIDENTIAL INFORMATION FILED UNDER SEAL" on the outside of the sealing envelopes; such application shall be directed to the judge to whom the papers are directed. Pending a ruling on the application submitted in accordance with Local Rule 79-5.1, the papers or portions thereof subject to the application shall be lodged under seal. However, only those portions of filings containing Confidential or Restricted Confidential information shall be filed under seal. The filing party shall also file with the Court for regular filing a redacted version of any filing submitted under Local Rule 79-5.1 in which any Confidential and/or Restricted Confidential information shall be redacted.

17. Nothing in this Order precludes any person from disclosing or using in any manner its own information, or information not obtained under this Order, even if the same information is also produced under this Order. Likewise, nothing in this Order precludes any person from disclosing or using in any manner Confidential or Restricted Confidential information which has become publicly available through no fault of the Receiving Person.

18. Nothing in this Order precludes any person from showing a document containing Protected Information to an individual who prepared or received the document, or from disclosing Protected Information to a current employee, officer or director of the Producing Person.

19. No information may be withheld from discovery on the ground that the material to be disclosed requires protection greater than that afforded by this Protective Order unless the party claiming a need for greater protection moves for

an order providing such special protection pursuant to Rule 26(c) and Local Rules 37-1 through 37-4.

20. The Parties acknowledge and agree that nothing in this protective order is intended to be construed inconsistently with the rights and obligations of the Parties under Local Rules 37-1 through 37-4 governing cooperation during discovery, and that, in the event of any inconsistency, the procedures defined by the Local Rules shall govern. If the Parties wish to file the Joint Stipulation (or portions thereof) required by Local Rule 37-2 under seal, the Parties may file a separate stipulation to that effect, or the moving party may file an *ex parte* application making the appropriate request. The Parties acknowledge and agree that the stipulation or *ex parte* application must demonstrate good cause as to why the Joint Stipulation or portions thereof should be filed under seal.

21. Within sixty days of the termination of litigation between the parties, all Protected Information shall be destroyed or returned to the Producing Person, except that one designated outside litigation counsel of record for each party may maintain in its files one copy of each deposition transcript, each document filed with the Court, and each correspondence transmitted between outside counsel for the parties to this action.

So **ORDERED AND SIGNED** this    2nd day of   November, 2012.

/s/

HON. ANDREW J. WISTRICH
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

# **CERTIFICATE OF COMPLIANCE**

I, _____ (print name), declare as follows:

I certify that I have received a copy of the Stipulated Protective Order ("Order") in the matter captioned <u>j2 Global Communications, Inc. and Advanced Messaging Technologies, Inc. v. RingCentral, Inc.</u>, United States District Court for the Central District of California, Case No. CV-11-4686 DDP (AJWx), which governs the production and use of Protected Information in this case. I have read and understand the Order. I hereby acknowledge that I am bound by the Order, and I agree to abide by it. I further understand that the Protected Information many only be used in strict accordance with the terms of the Order and then only for the prosecution and defense of this litigation.

    I further acknowledge that I may be held responsible for any failure on my part to comply with the provisions of the Order, and I agree to subject myself to the jurisdiction of the United States District Court for the Central District of California, for the purpose of enforcing the Order.

    I hereby declare under penalty of perjury that the foregoing is true and correct.

_____
(Signature)

_____
(Print Name)